**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKINTOLA AKINMADEYEMI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN THOMPSON, FCI FORT DIX,<br><br>Respondent. | Civil Action No. 24-7003 (KMW)<br><br>OPINION |

**WILLIAMS**, District Judge:

This matter comes before the Court on a habeas petition filed by Petitioner Akintola Akinmadeyemi pursuant to 28 U.S.C. § 2241. (ECF No. 1). The Government filed several responses to the petition (ECF Nos. 9, 16), to which Petitioner replied. (ECF Nos. 11-13.) For the following reasons, Petitioner's habeas petition is denied.

I. **BACKGROUND**

Petitioner is a federal prisoner currently serving a prison sentence at FCI Fort Dix. (ECF No. 1 at 1.) In his habeas petition, Petitioner argued that he had been improperly delayed in being considered for and ultimately placed into a residential facility in light of the Second Chance Act and the credits he had earned under the First Step Act towards early placement in a residential facility. (*Id.* at 6.) As of July 2025, Petitioner had earned a total of 870 credits under the First Step Act, 365 of which had been applied towards Petitioner's early supervised release, and 505 of which had been applied towards early eligibility for transfer to a residential facility. (ECF No. 16-

1 at 2.) The BOP initially considered Petitioner for referral to a residential facility in December 2024, at which time such a referral was recommended upon a review of Petitioner's file. (*Id.* at 2-3.) The warden of Fort Dix approved that plan, and Petitioner was scheduled for transfer to a Texas residential facility on February 13, 2025. (*Id.*) Just prior to his expected transfer, however, the BOP issued guidance which directed residential reentry managers and administrators to cancel or deny placement in residential facilities to those prisoners subject to immigration detainers. (*Id.* at 3.) On February 5, 2025, immigration officials issued an immigration detainer for Petitioner as he was being placed into removal proceedings and the Government determined that it had probable cause to believe Petitioner was deportable in light of his fraud convictions. (*Id.*) In light of the new guidance and Petitioner's receipt of a detainer, the BOP reevaluated his residential placement plan and determined that Petitioner was no longer eligible for such a placement and denied him such a placement. (*Id.*) Petitioner was thereafter transferred to FCI Allenwood Low so that he could participate in his ongoing immigration proceedings. (*Id.* at 4.)

In June 2025, the BOP issued further guidance on the use of its discretion in making residential and home confinement placement decisions. (ECF No. 16-8 at 1.) Under this guidance, BOP staff were instructed to "maximize prerelease time in community custody, including home confinement" generally, but that inmates with any "public safety [factor] or placement disqualification," such as the deportable alien safety factor which comes with an immigration detainer, would not be considered eligible for such a placement as all placement decisions "should prioritize public safety." (*Id.* at 2.) In light of this guidance, the Government therefore contends that the BOP has properly exercised its broad discretion to deny Petitioner placement in a residential facility.

2

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his habeas petition and related filings, Petitioner asserts that he has been improperly denied transfer into a residential facility in light of the Second Chance Act and his earned First Step Act credits. Pursuant to 18 U.S.C. § 3621(b), the "BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment . . . and the treatment programs (if any) in which he may participate." *Tapia v. United States*, 564 U.S. 319, 331 (2011); *see also Pisman v. Warden, Allenwood FCI Low*, No. 23-2048, 2023 WL 6618238, at *1 (3d Cir. Oct. 11, 2023) ("pre-release placement decisions are committed to the BOP's sole discretion"). Given its plenary control and broad discretion over prisoner placement decisions, the BOP is well within its authority to determine that "a foreign citizen assigned a "deportable alien" public safety factor [in light of an immigration detainer] is ineligible to use earned [Fist Step Act] time credits for immediate release to residential re-entry programs or home confinement." *Pisman*, 2023 WL 6618238 at *1. Given the BOP's broad discretion to deny pre-release placement in a residential facility to deportable aliens, and the fact that prisoners do not have a vested liberty interest in using their earned Fist Step Act credits to force such a transfer, *see Martinez-Polanco v. Warden, FCI Fort Dix*, Nos. 24-7005, 25-1761, 2025 WL 1511192, at *3 (D.N.J. May 27, 2025); *see also* 18 U.S.C. § 3624(c)(1) (as amended by the Second Chance Act, stating that while inmates should

3

spend a portion of their final months in conditions designed to help a prisoner adjust to society such conditions "may include" placement in a residential facility or halfway house); *Becerra v. Miner*, 248 F. App'x 368, 370 (3d Cir. 2007) (prisoner has no protected interest in his assignment to any particular institution, even where the requested transfer is barred only by a deportable alien security factor), Petitioner has no right to a transfer to a residential facility and the BOP has properly used its discretion and authority to determine such a placement is inappropriate in light of Petitioner's immigration detainer. Petitioner has thus not shown that his denial of a residential facility placement denied him either Due Process or his rights under the Second Chance or First Step Acts as he is ineligible for such a placement in light of his immigration detainer, and his habeas petition must therefore be denied.

## IV. <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge